NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY VAUGHN PINSON, AKA Jeremy Pinson, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> IVEY, Officer; UNITED STATES OF AMERICA, <br><br> Defendants-Appellees, <br><br> and <br><br> DOES, named as: Unknown Parties  Officer 1 and Officer 2; et al., <br><br> Defendants. | No.   19-17293 <br><br> D.C. No. 4:18-cv-00152-DCB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Federal prisoner Jeremy Vaughn Pinson appeals pro se from the district court's summary judgment and dismissal order in her action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) alleging violations of her Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1271 (9th Cir. 2017) (motion to dismiss); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment). We affirm.

The district court properly granted summary judgment on Pinson's Eighth Amendment claims against defendant Ivey because Pinson failed to exhaust her administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (citation, and internal quotation marks omitted)).

The district court properly dismissed Pinson's Federal Tort Claims Act ("FTCA") claim for lack of subject matter jurisdiction because Pinson failed to exhaust her administrative remedies. *See* 28 U.S.C. § 2675(a) (setting forth FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court

2                                                                    19-17293

unless the claimant has first exhausted administrative remedies).

Pinson's challenges to the denial of her motion for a preliminary injunction are moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of a preliminary injunction would have no practical consequences, and the issue is therefore moot).

We do not consider Pinson's arguments regarding her First Amendment claims because she abandoned those claims. *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (holding when a plaintiff fails to replead a claim that has been dismissed with leave to amend, she abandons that claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Pinson's motion for a preliminary injunction (Docket Entry No. 17) is denied.

**AFFIRMED.**

19-17293